*In re* HALL-SMITH

Docket No. 195833. Submitted January 15, 1997, at Grand Rapids. Decided
March 25, 1997, at 9:25 A.M.

The Department of Social Services petitioned the Kent County Probate Court for the termination of Cheryl Hall's parental rights to Quincy Hall-Smith on the grounds of the continued existence of the conditions that led to adjudication, MCL 712A.19b(3)(c)(i); MSA 27.3178(598.19b)(3)(c)(i), and neglect, MCL 712A.19b(3)(g); MSA 27.3178(598.19b)(3)(g). The court, Nanaruth H. Carpenter, J., terminated Hall's parental rights. Hall appealed.

The Court of Appeals *held*:

MCL 712A.19b(5); MSA 27.3178(598.19b)(5) requires a court that finds that there is a ground for termination of parental rights to order the termination of such rights, unless the court finds that termination clearly is not in the child's best interest. The petitioner bears the burden of establishing grounds for termination by clear and convincing evidence, and, once such grounds are established, the respondent parent bears the burden of going forward with evidence that termination is not in the child's best interest. Where the parent does not put forth such evidence, the court is without discretion and must terminate parental rights.

In this case, the probate court clearly did not err in terminating Hall's parental rights. The DSS established by clear and convincing evidence the statutory grounds it asserted for termination, and Hall failed to put forth evidence from which the trial court could conclude that termination was not in the child's best interest.

Affirmed.

PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — PROBATE COURT.

A probate court must terminate the rights of a parent to a child upon a petition by the Department of Social Services where the department has shown clear and convincing evidence of a statutory ground for termination and the parent has failed to put forth evidence showing that termination would not be in the best interest of the child; the decision by the probate court is mandatory and is reviewed on appeal for clear error (MCL 712A.19b[5]; MSA 27.3178[598.19b][5]; MCR 5.974[A][3],[F][3]).

*William A. Forsyth,* Prosecuting Attorney, *Timothy K. McMorrow,* Chief Appellate Attorney, and *David M. LaGrand,* Assistant Prosecuting Attorney, for the Department of Social Services.

*Sluiter, Agents, Cardinal, Van Gessel, Winther & Carlson* (by *Dennis R. Carlson*), for Cheryl Hall.

Before: HOEKSTRA, P.J., and MARKEY and J. C. KINGS-LEY\*, JJ.

HOEKSTRA, P.J. Respondent Cheryl Hall appeals as of right a May 20, 1996, order of the Kent County Probate Court terminating her parental rights to Quincy Hall-Smith, born October 14, 1990, pursuant to MCL 712A.19b(3)(c)(i);   MSA   27.3178(598.19b)(3)(c)(i) (conditions that led to the adjudication continue to exist)   and   MCL   712A.19b(3)(g);   MSA 27.3178(598.19b)(3)(g) (neglect). We affirm.

On appeal, respondent argues that the probate court "improperly terminate[d]" her parental rights to Quincy. Specifically, respondent argues that petitioner, the Department of Social Services, failed to prove that respondent would not be able to care for Quincy within a reasonable time, and further failed to prove that termination would be in Quincy's best interest. We find respondent's argument to be without merit.

Before January 1, 1995, once a probate court found that at least one statutory ground for termination was supported by clear and convincing evidence, the court's decision to terminate was discretionary. MCL 712A.19b(3); MSA 27.3178(598.19b)(3); *In re Jackson,*

---

\* Circuit judge, sitting on the Court of Appeals by assignment.

199 Mich App 22, 25; 501 NW2d 182 (1993). However, MCL 712A.19b; MSA 27.3178(598.19b) was amended by 1994 PA 264, effective January 1, 1995, and subsection 5 was added, which provides:

> If the court finds that there are grounds for termination of parental rights, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent shall not be made, unless the court finds that termination of parental rights to the child is clearly not in the child's best interests.

In construing statutory language to determine legislative intent, a court must presume that the Legislature intended the meaning plainly expressed in the body of the statute, *In re Austin Estate*, 218 Mich App 72, 75; 553 NW2d 632 (1996), and use of the term "shall" rather than "may" indicates a mandatory, rather than a discretionary, action. *People v Grant*, 445 Mich 535, 542; 520 NW2d 123 (1994); *In re Austin Estate, supra* at 76, n 1.

Given the Legislature's use of the words "shall" and "unless" in the above provision, we interpret the above statute to now create a mandatory presumption that can only be rebutted by a showing that termination is clearly not in the child's best interest. If no such showing is made and a statutory ground for termination has been established, we believe that the trial court is without discretion and must terminate parental rights. Accordingly, we believe that a trial court's now nondiscretionary decision regarding termination is reviewed in its entirety for clear error.

Although the burden of proof remains with the petitioner to show that a statutory ground for termination has been met by clear and convincing evidence, MCR

5.974(A)(3) and (F)(3), we believe that the burden of going forward with evidence that termination is clearly not in a child's best interest rests with the respondent. In *In re Miller*, 433 Mich 331, 345; 445 NW2d 161 (1989), our Supreme Court discussed a parent's burden of going forward with evidence that the parent would be able to reestablish a proper home for the child as contemplated in 1972 PA 59, § 19a(f), the statute under which termination was sought. In that case, the Court, *supra* at 345, made the following distinction between the burden of proof and the burden of going forward:

> Although the burden of proof is on the party seeking to terminate parental rights, the burden of going forward with the evidence is on the parent or parents. A parent who fails to produce any evidence risks an adverse ruling on the evidence presented, but one who produces some indication that the family situation has improved has met the burden of going forward. Meeting the burden of production, however, does not mean that the parent has necessarily prevailed. [Citations omitted.]

Similarly, we believe that once a statutory ground for termination has been met by clear and convincing evidence, the language of MCL 712A.19b(5); MSA 27.3178(598.19b)(5) requires a parent to put forth at least some evidence that termination is clearly not in the child's best interest. Absent any evidence addressing this issue by the parent, termination of parental rights is mandatory.

In this case, we find that the trial court did not clearly err in terminating respondent's parental rights to Quincy. Ample evidence of respondent's unfitness as a parent was presented at the termination hearing such that we find no error in the trial court's determi-

nation that clear and convincing evidence supported the termination of respondent's parental rights pursuant to subsections 3(c)(i) and (g). Furthermore, because respondent failed to put forth evidence from which the trial court could conclude that termination was clearly not in Quincy's best interest, the trial court's decision to terminate respondent's parental rights complied with the requirements of MCL 712A.19b(5); MSA 27. 3178(598.19b)(5), and we find no clear error in that decision.

Affirmed.