RHEAUME v VANDENBERG

Docket No. 201362. Submitted June 16, 1998, at Detroit. Decided October
        30, 1998, at 9:15 A.M. Leave to appeal sought.

    Steven and Debra Rheaume on November 3, 1995, brought an action
        in the Oakland Circuit Court against Weisman, Gitlin & Herkowitz,
        P.C., and a "John Doe" described as one of the physical therapists
        employed by Weisman, Gitlin & Herkowitz, P.C., alleging medical
        malpractice relating to physical therapy administered to Steven
        Rheaume on November 5, 1993. On the same day they filed their
        action, the plaintiffs mailed the written notice of intent to sue
        required by MCL 600.2912b(1); MSA 27A. 2912(2)(1) to the offices
        of Weisman, Gitlin & Herkowitz, P.C., indicating that notice was
        being given to Weisman, Gitlin & Herkowitz, P.C., and all agents,
        physicians, physical therapists, and employees thereof. On January
        10, 1996, the plaintiffs filed an amended complaint naming as
        defendant Steven Vandenberg in place of "John Doe." Vandenberg
        moved for summary disposition, arguing that the two-year statutory
        period of limitation had expired because it was not tolled by the fil-
        ing of the notice of intent to sue inasmuch as he was not named in
        the notice as required by subsection 2912b(1). The court, David F.
        Breck, J., denied the motion, but dismissed the complaint without
        prejudice on the ground that the plaintiffs had failed to comply
        with the requirement of subsection 2912b(1) that the notice of
        intent to file suit must be given 182 days before suit is filed. The
        court extended the notice period, during which extension the
        period of limitation was tolled. The plaintiffs refiled their action.
        Vandenberg renewed his motion for summary disposition, which
        the court again denied. Vandenberg appealed by leave granted.

        The Court of Appeals held:

        1. MCL 600.2912b(4); MSA 27A.5805(4) requires that a notice of
        intent to sue a health professional or health facility must contain,
        among other things, the names of all health professionals and
        health facilities the claimant is notifying in relation to the claim.
        MCL 600.5856(d); MSA 27A.5856(d) provides that if notice is given
        in compliance with § 2912b, the statute of limitations is tolled dur-
        ing the notice period mandated by § 2912b. Strict compliance with
        § 2912b is required for tolling of the statute of limitations. Substan-
        tial compliance will not serve to toll the statute of limitations. In
        this case, the plaintiffs failed to name Vandenberg in the notice of

intent to file suit. Thus the two-year period of limitation relevant to the plaintiffs' action was not tolled and it expired on November 5, 1996, making the action against Vandenberg untimely.

2. The filing of a "John Doe" complaint does not toll the statute of limitations with respect to parties not yet specifically named.

Reversed and remanded for entry of summary disposition for Vandenberg.

NEGLIGENCE — MEDICAL MALPRACTICE — NOTICE OF INTENT TO SUE.

A notice of intent to sue a health professional or health facility must strictly comply with the requirements of the statute requiring such notice in order for the two-year statute of limitations to be tolled during the presuit notice period (MCL 600.5805[4], 600.2912b[4], 600.5856[d]; MSA 27A.5805[4], 27A.2912[2][4], 27A.5856[d]).

*Novara, Tesija, Michela & Priehs, P.C.* (by *David A. Priehs*), for the plaintiffs.

*Plunkett & Cooney, P.C.* (by *Robert G. Kamenec*), for the defendant.

Before: GRIFFIN, P.J., and GRIBBS and TALBOT, JJ.

TALBOT, J. Defendant appeals by leave granted from an interlocutory order denying his motion for summary disposition. We reverse and remand.

On November 3, 1995, plaintiffs filed a medical malpractice action against the physical therapy center of Weisman, Gitlin & Herkowitz, P.C., and against a "John Doe," who was described as "one of defendant's therapists." On the same day, plaintiffs mailed written notice of their intent to sue to the offices of Weisman, Gitlin & Herkowitz, P.C. Their notice of intent to sue provided, in pertinent part:

*This Notice is intended to apply to the following health care professionals, entities, and/or facilities as well as their employees or agents, actual or ostensible, thereof, who were involved in the treatment of the patient, Steven Rheaume:*

Weismann, Gitlin & Herkowitz, P.C. 3535 W. 13 Mile Road, Ste. 605, Royal Oak, Michigan, 48073 and all agents, physicians, physical therapists, and/or employees, actual or ostensible, thereof.

1. FACTUAL BASIS FOR CLAIM

On November 5, 1993, Steven Rheaume received physical therapy from Weisman, Gitlin & Herkowitz, P.C. Mr. Rheaume was instructed to leg press 300 pounds. During the exercise, his therapist adjusted the position of the leg machine so that he could not fully extend the weight. Immediately following the exercise, Mr. Rheaume noticed lower extremity pain that was later diagnosed as a herniated disc.

\*     \*     \*

6. NAMES OF HEALTH PROFESSIONALS, ENTITIES, AND FACILITIES NOTIFIED

Weismann, Gitlin & Herkowitz, P.C. 3535 W. 13 Mile Road, Ste. 605, Royal Oak, Michigan, 48073 and all agents, physicians, physical therapists, and/or employees, actual or ostensible, thereof.

7. TO THOSE RECEIVING NOTICE: YOU SHOULD FURNISH THIS NOTICE TO ANY PERSON, ENTITY OR FACILITY, NOT SPECIFICALLY NAMED HEREIN, THAT YOU REASONABLY BELIEVE MIGHT BE ENCOMPASSED IN THIS CLAIM.

The statutory period of limitation applicable to plaintiffs' medical malpractice claim was to expire on November 6, 1995; this fact is not disputed on appeal.

When plaintiffs filed their original complaint and mailed their notice of intent to sue, they did not know the name of the treating physical therapist. Plaintiffs had requested medical records from defendant, including those for the day in question, but no name was included in the records. In December 1995, plain-

tiffs learned that defendant Steven Vandenberg was the treating physical therapist when defendant's attorney requested authorizations for the release of plaintiffs' medical and employment records. Thereafter, on January 10, 1996, plaintiffs filed an amended complaint in which they replaced the "John Doe" defendant with Vandenberg's name.

Defendant then moved for summary disposition pursuant to MCR 2.116(C)(7), arguing that the period of limitation had expired. Defendant asserted that, because plaintiffs' notice of intent to sue did not include his name, it did not operate to toll the period of limitation during the period before plaintiffs' complaint was amended to include his name. The trial court denied defendant's motion for summary disposition, explaining that it was satisfied that plaintiffs had made diligent efforts to ascertain defendant's name and that plaintiffs' notice of intent to sue was adequate. However, the trial court dismissed plaintiffs' complaint without prejudice on the alternative ground that plaintiffs had failed to observe the 182-day presuit notice period mandated by subsection 2912b(1) of the Revised Judicature Act, MCL 600.2912b(1); MSA 27A.2912(2)(1). The trial court then extended the notice period until August 7, 1996, during which time the period of limitation would continue to be tolled. On August 7, 1996, plaintiffs again filed suit, this time against defendant only. Defendant again moved for summary disposition pursuant to MCR 2.116(C)(7), based on the statute of limitations defense, and the trial court again rejected defendant's argument, indicating that its opinion had not changed.

On appeal, defendant argues that the trial court erred in denying his second motion for summary disposition. We agree. This Court reviews decisions on

motions for summary disposition de novo to determine if the moving party was entitled to judgment as a matter of law. *Guerra v Garratt*, 222 Mich App 285, 288; 564 NW2d 121 (1997). When reviewing a motion granted pursuant to MCR 2.116(C)(7), we consider all affidavits, pleadings, and other documentary evidence submitted by the parties and, where appropriate, construe the pleadings in favor of the plaintiff. *Smith v YMCA of Benton Harbor/St Joseph*, 216 Mich App 552, 554; 550 NW2d 262 (1996).

Section 2912b of the Revised Judicature Act provides that "a person shall not commence an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice under this section not less than 182 days before the action is commenced." MCL 600.2912b(1); MSA 27A.2912(2)(1); see also *Neal v Oakwood Hosp Corp*, 226 Mich App 701, 704; 575 NW2d 68 (1997). With respect to the specific requirements of the notice, the section provides as follows:

The notice given to a health professional or health facility under this section *shall* contain a statement of at least all of the following:

(a) The factual basis for the claim.

(b) The applicable standard of practice or care alleged by the claimant.

(c) The manner in which it is claimed that the applicable standard of practice or care was breached by the health professional or health facility.

(d) The alleged action that should have been taken to achieve compliance with the alleged standard of practice or care.

(e) The manner in which it is alleged the breach of the standard of practice or care was the proximate cause of the injury claimed in the notice.

(f) *The names of all health professionals and health facilities the claimant is notifying under this section in relation to the claim.* [MCL 600.2912b(4); MSA 27A.2912(2) (4) (emphasis added).]

The period of limitation for malpractice claims is two years. MCL 600.5805(4); MSA 27A.5805(4). However, pursuant to MCL 600.5856(d); MSA 27A.5856(d), if notice is given in compliance with the requirements of § 2912b, the statute of limitations is tolled during the notice period mandated by § 2912b. *Morrison v Dickinson*, 217 Mich App 308, 313; 551 NW2d 449 (1996).

Plaintiffs contend that substantial compliance with the requirements of § 2912b resulting in actual notice to the defendant,[1] is sufficient to toll the statute of limitations under MCL 600.5856(d); MSA 27A.5856(d). Resolution of this case turns on issues of statutory interpretation. The goal of statutory interpretation is to identify and to give effect to the intent of the Legislature. *Turner v Auto Club Ins Ass'n*, 448 Mich 22, 27; 528 NW2d 681 (1995); *Farrington v Total Petroleum, Inc*, 442 Mich 201, 212; 501 NW2d 76 (1993). The first step in ascertaining such intent is to focus on the specific language of the statute. *Turner, supra* at 27. The Legislature is presumed to have intended the meaning it plainly expressed. *McFarlane v McFarlane*, 223 Mich App 119, 123; 566 NW2d 297 (1997). Accordingly, if the plain language of the statute is clear and unambiguous, further judicial construction is not permitted, and the statute must be applied as written. *Turner, supra* at 27; *Lorencz v Ford Motor Co*, 439 Mich 370, 376; 483 NW2d 844 (1992).

---

[1] In order to resolve this case on legal grounds, we will assume that defendant received actual notice of plaintiffs' intent to sue within the limitations period. See *Smith, supra* at 554.

The language of MCL 600.5856(d); MSA 27A.5856(d) clearly provides that the statute of limitations is tolled if the notice of intent to sue is given "*in compliance with* section 2912b." (Emphasis added.) The negative implication of this section is that the statute of limitations is not tolled if the notice of intent to sue does not comply with § 2912b. The Legislature's use of the word "shall" in subsection 4 of § 2912b makes mandatory the inclusion of the "names of all health professionals" notified of an intention to sue. See, e.g., *In re Hall-Smith*, 222 Mich App 470, 472; 564 NW2d 156 (1997) (explaining that use of the word "shall" indicates a mandatory, rather than a discretionary, provision). When understood in its plain and ordinary sense, the word "name" does not encompass the broad description of defendant Vandenberg that was included in the sixth paragraph of plaintiffs' notice of intent to sue. This is so even when that broad description is considered in conjunction with the more specific factual description included in paragraph one of the notice. Simply put, a description is not a name.[2] Because the specific statutory language of § 2912b is clear and unambiguous, we are bound to apply it as written. By failing to include defendant Vandenberg's "name" in their notice of intent to sue, plaintiffs failed to comply with a specific mandatory requirement of § 2912b(4). Therefore, the statute of

---

[2] In their brief on appeal, plaintiffs analogize the facts of this case to those of *Wells v Detroit News, Inc*, 360 Mich 634; 104 NW2d 767 (1960), a case in which the Michigan Supreme Court held that a plaintiff could amend his complaint after the statute of limitations had run in order to correct a "misnomer" in the naming of a corporate defendant. Because plaintiffs' original notice of intent to sue did not contain *any* name for defendant Vandenberg, this case is distinguishable from the "misnomer" situation in *Wells, supra*. The result in this case may have been different if plaintiffs had included, but merely misspelled, defendant Vandenberg's name in their notice of intent to sue.

limitations was not tolled pursuant to MCL 600.5856(d); MSA 27A.5856(d), and plaintiffs' complaint naming Vandenberg as a defendant was not timely filed. While there may be strong policy arguments to be made against the "name" requirement of subsection 2912b(4)(f), this Court is not the proper forum for those arguments. See *Jennings v Southwood*, 446 Mich 125, 142; 521 NW2d 230 (1994); *Allstate Ins Co v Dep't of Ins*, 195 Mich App 538, 547; 491 NW2d 616 (1992).

Finally, plaintiffs have suggested two alternative grounds on which we might affirm the decision of the trial court. We are not persuaded by these arguments. Plaintiffs' argument that the amended complaint specifically naming Vandenberg as a defendant related back to the timely filed "John Doe" complaint is without merit. The filing of a "John Doe" complaint does not toll the statute of limitation with respect to parties not yet specifically named. See, e.g., *Thomas v Process Equipment Corp*, 154 Mich App 78, 84; 397 NW2d 224 (1986). Moreover, plaintiffs' arguments contesting the constitutionality of § 2912b are also unconvincing, given this Court's recent decision in *Neal, supra* at 716-723. For the reasons stated, we hold that the trial court should have granted defendant's motion for summary disposition pursuant to MCR 2.116(C)(7).

Reversed and remanded to the trial court with directions that an order of summary disposition be entered in favor of defendant. We do not retain jurisdiction.