*In re* SD
*In re* DD
*In re* AD

Docket Nos. 213302, 213303, 213304. Submitted May 19, 1999, at Marquette. Decided June 15, 1999, at 9:10 A.M.

The Family Independence Agency petitioned the Delta Circuit Court, Family Division, for the termination of the parental rights of Daniel P. Dougherty, Sr., a Caucasian, in three children born to Barbara Dougherty, a member of the Sault Ste. Marie Tribe of Chippewa Indians, during her marriage to the respondent. The court, Thomas L. Smithson, J., granted the petitions, finding grounds for termination under MCL 712A.19b(3)(b)(i), (g), and (h); MSA 27.3178(598.19b)(3)(b)(i), (g), and (h) and the Indian Child Welfare Act (ICWA), 25 USC 1912. The respondent appealed by delayed leave granted in each case, and the appeals were consolidated.

The Court of Appeals *held*:

1. Subsection 1912(d) of the ICWA, 25 USC 1912(d), which requires any party seeking to effect a termination of parental rights to an Indian child under state law to satisfy the court that active efforts have been made to provide remedial services and rehabilitative programs to prevent the breakup of the Indian family and that these efforts have proved unsuccessful, does not apply to this case. By the time the petitioner sought the termination of the respondent's parental rights, the family had already broken up as a result of the separation of the respondent and his wife, as well as a result of the respondent's imprisonment following conviction of assault with intent to commit criminal sexual conduct involving one of the children.

2. The termination of parental rights complies with subsection 1912(f), which requires a determination, supported by evidence beyond a reasonable doubt, including testimony of qualified expert witnesses, that the continued custody of the children by the respondent is likely to result in serious emotional or physical damage to the children. State statutory grounds support the termination of parental rights in the absence of a challenge by the respondent with respect to the trial court's findings regarding MCL 712A.19b(3)(b)(i) and (g); MSA 27.3178(598.19b)(3)(b)(i) and (g).

Even if the trial court erred with respect to its findings regarding MCL 712A.19b(3)(h); MSA 27.3179(598.19b)(3)(h), termination need be supported only by a single statutory ground.

Affirmed.

1. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — INDIAN CHILDREN.

Active efforts to provide remedial services and rehabilitative programs designed to prevent the breakup of an Indian family are not required before a party can seek the termination of parental rights in an Indian child under state law if the family unit containing the parent subject to termination is no longer intact when the petition for termination of parental rights is filed in court, yet the part of the family that defined it as an "Indian Family" is not threatened by the termination (25 USC 1912[d]).

2. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — INDIAN CHILDREN.

The termination of parental rights in an Indian child must be based on a determination, supported by evidence beyond a reasonable doubt, including testimony of qualified expert witnesses, that the continued custody of the child by the parent is likely to result in serious emotional or physical damage to the child, and must be supported by a state statutory ground for termination (25 USC 1912[f]; MCL 712A.19b[3]; MSA 27.3178[598.19b][3]).

*Thomas L. Smithson,* Prosecuting Attorney, and *Mary Boyle Weisse,* Assistant Prosecuting Attorney, for Family Independence Agency.

*Timothy F. Cain,* for Daniel P. Dougherty, Sr.

Before: WHITBECK, P.J., and MARKMAN and O'CONNELL, JJ.

MARKMAN, J. Respondent Daniel P. Dougherty, Sr., appeals by delayed leave granted the family court order terminating his parental rights to three minor children pursuant to MCL 712A.19b(3)(b)(i), (g), and (h); MSA 27.3178(598.19b)(3)(b)(i), (g), and (h), and pursuant to the Indian Child Welfare Act (ICWA), 25 USC 1912. We affirm.

Respondent is the father of three children, born in 1991, 1993, and 1995, who are members of the Sault

Ste. Marie Tribe of Chippewa Indians. The children are a product of the marriage of respondent, a Caucasian, and Barbara Dougherty, a member of the Sault Ste. Marie Tribe of Chippewa Indians.[1] At the time that respondent's parental rights were terminated, the couple had separated and a divorce had been sought, but not yet granted. The children were residing with their mother.

The substantive allegations in the initial petition were that respondent engaged in sexual penetration and contact with his daughter and his older son on March 28, 1998. On May 26, 1998, respondent pleaded guilty to one count of assault with intent to commit criminal sexual conduct involving sexual penetration, MCL 750.520g(1); MSA 28.788(7)(1), and on June 10, 1998, he was sentenced to four to ten years' imprisonment. The primary evidence against respondent at the termination hearing was his guilty plea in the criminal proceedings for the sexual abuse of his daughter. The transcript of that plea hearing was admitted into evidence, during which time respondent admitted sexually abusing his daughter. At the conclusion of the hearing, the family court found that there were grounds on which to permanently terminate respondent's rights to the children under MCL 712A.19b(3)(b)(i), (g), and (h); MSA 27.3178(598.19b) (3)(b)(i), (g), and (h) and the ICWA.

---

[1] Barbara Dougherty was named as a party in the termination proceedings, but her rights to the children were not terminated. In April 1998, petitioner filed its initial petition in this matter seeking temporary custody of the minor children and naming both parents in these proceedings. Before the court heard petitioner's request to terminate respondent's rights, it ordered the return of the children to their mother on June 10, 1998.

Respondent first argues that active efforts should have been made to reunite respondent with his children, pursuant to the requirements of the ICWA, before his rights were terminated.[2] Whether subsection 1912(d) of the ICWA applies to the facts of this case is a question of law that this Court reviews de novo. *In re Rupert*, 205 Mich App 474, 479; 517 NW2d 794 (1994). The ICWA generally requires that efforts be made to prevent the breakup of an "Indian family" before the state may seek to terminate the parental rights to an Indian child:

> Any party seeking to effect a foster care placement of, or termination of parental rights to, an Indian child under State law shall satisfy the court that active efforts have been made to provide remedial services and rehabilitative programs designed to prevent the breakup of the Indian family and that these efforts have proved unsuccessful. [25 USC 1912(d).]

Subsection 1912(f) contains the federal standard for termination of rights to an Indian child:

> No termination of parental rights may be ordered in such proceeding in the absence of a determination, supported by evidence beyond a reasonable doubt, including testimony of qualified expert witnesses, that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child. [25 USC 1912(f).]

---

[2] Respondent failed to raise this issue before the family court. Therefore, this issue has not been properly preserved for appellate review. However, because respondent primarily argues a question of law for which the necessary facts are contained in the record, we may address the merits of his argument. *Richards v Pierce*, 162 Mich App 308, 316; 412 NW2d 725 (1987).

Subsection 1912(d) is clear that it requires active efforts to prevent the breakup of "the Indian family." By the terms of subsection 1912(d), if a child is removed from his "Indian family," then active efforts at reuniting that family must be attempted and proved unsuccessful before termination of parental rights may occur. There is no question here that petitioner sought to terminate respondent's rights without first offering him any services designed to reunite him with his children. However, Congress did not incorporate the "active efforts" language of subsection 1912(d) into subsection 1912(f). Thus, we believe that these subsections can operate independently of one another. In order to terminate parental rights to an Indian child, subsection 1912(f) does not require that active efforts be made to reunite the child with the parent unless the termination of parental rights results in a breakup of the "Indian family," as provided in subsection 1912(d).

Although we agree that subsection 1912(d) requires additional procedures to be followed where termination of parental rights would effect the breakup of an "Indian family," on the specific facts of this case, there was no disruption in the "Indian family" that would necessitate the application of subsection 1912(d) "active efforts" at reunification. First, the family had already broken up by the time the termination proceedings were initiated. Respondent and his wife separated and filed for divorce well before respondent's rights were terminated. Respondent moved away from his family and did not even financially support his children for nearly two years before the termination proceedings. He did not take part in caring for the children or provide a place for them to

live with him. Second, respondent was also separated from his family by virtue of his imprisonment. Respondent was sentenced to four to ten years' imprisonment for crimes against his children. Thus, respondent himself undermined the instant family and there was no way that he would be able to take part in the lives of his family even if he wanted to do so. Under these circumstances, it can hardly be said that the actions of petitioner contributed in any way to the "breakup" of the instant family. Such a "breakup" was already a *fait accompli.*

Further, in connection with the breakup specifically of an "Indian family," the children's mother still lives with and takes care of the children. The children's mother is the parent that is of Indian heritage and it is through her that the children have ties to their tribe. Even though respondent separated from his family and his parental rights were later terminated, the children's "Indian family" and connection to their Indian heritage remained intact when petitioner agreed not to seek termination of Barbara Dougherty's rights. The tribe apparently recognized this fact, as evidenced by its recommendation that respondent's rights be terminated. Again, under these circumstances, we conclude that active efforts at reunification were not required under the law.[3]

Respondent next argues that petitioner did not meet its burden of proof pursuant to either the ICWA or the state statutory grounds to support termination of his parental rights. The family court's decision regarding termination of parental rights is reviewed in

---

[3] In addition, we believe that under the circumstances of this case, with the severity of the sexual abuse inflicted by respondent on his children, remedial efforts would have been largely futile.

its entirety for clear error. *In re Hall-Smith*, 222 Mich App 470, 472; 564 NW2d 156 (1997). In state termination cases involving Indian children, both the federal ICWA standard and a state ground for termination must be proved. *In re Elliott*, 218 Mich App 196, 209-210; 554 NW2d 32 (1996). The ICWA, subsection 1912(f), provides:

> No termination of parental rights may be ordered in such proceeding in the absence of a determination, supported by evidence beyond a reasonable doubt, including testimony of qualified expert witnesses, that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child. [See also MCR 5.980(D).]

Under Michigan law, a court must terminate parental rights if the court finds clear and convincing evidence that one or more enumerated statutory grounds for termination exist, MCL 712A.19b(3); MSA 27.3178(598.19b)(3), unless it finds that termination is clearly not in the child's best interests. MCL 712A.19b(5); MSA 27.3178(598.19b)(5).

First, respondent admits that petitioner presented the testimony of a qualified expert witness, but he disputes whether that testimony met the standard of proof beyond a reasonable doubt that continued custody by respondent would cause serious emotional or physical damage to the children. Petitioner's qualified Indian expert, Martha Schneider, had extensive experience in social work and she testified that she was convinced that a continuing relationship with respondent would result in serious emotional harm to the children. Leonard Welling, the Protective Services worker, also recommended that respondent's parental rights be terminated for the protection of the chil-

dren, given the likelihood that respondent would again sexually abuse the children in the future. Petitioner's expert witnesses offered convincing testimony that respondent's continued relationship with his children was likely to result in serious emotional harm or physical damage to the children. Therefore, we believe that petitioner met the standard of proof beyond a reasonable doubt.

Second, respondent argues, very briefly, that since the children will be able to continue to reside with their mother while he is in prison, there was insufficient evidence proving that he would be

> imprisoned for such a period that the child will be deprived of a normal home for a period exceeding two years, and the parent has not provided for the child's proper care and custody, and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the age of the child. [MCL 712A.19b(3)(h);MSA 27.3178(598.19b)(3)(h).]

We disagree. Even if respondent is paroled in less than four years, there is little if any likelihood that respondent could provide these children with "a normal home" given the fact that there is overwhelming evidence that he abused his daughter and there was other evidence that he abused his sons. Even if respondent was physically able to care for his children, the children could not be safely returned to his care in light of the past sexual abuse he inflicted. Thus, we conclude that there was clear and convincing evidence to prove this statutory ground. In addition, termination of a parent's rights need be supported by only a single statutory ground. *In re McIntyre*, 192 Mich App 47, 50; 480 NW2d 293 (1991). Therefore, even if the court did improperly cite sub-

section 19b(3)(h) as a ground for termination, there were two other statutory grounds, which respondent does not challenge on appeal, that supported the court's decision to terminate respondent's parental rights. For these reasons, we affirm the family court's termination of respondent's parental rights.

Affirmed.