FOURNIER v MERCY COMMUNITY HEALTH CARE
SYSTEM-PORT HURON

Docket No. 236157. Submitted December 17, 2002, at Lansing. Decided
December 20, 2002, at 9:10 A.M. Leave to appeal sought.

Mary K. Fournier, as personal representative of the estate of Donald
M. Fournier, on the day before the expiration of the applicable stat-
utory period of limitation inadvertently sent notices of intent to file
a medical malpractice action against Mercy Community Health
Care System-Port Huron and others in a single next-day delivery
packet addressed to only one of the intended recipients of notice.
None of the intended recipients received notice within the two-year
period of limitation. Fournier then brought a wrongful death action
in the St. Clair Circuit Court against the intended notice recipients,
except the one to whom the next-day delivery packet was actually
sent. The defendants moved for summary disposition, arguing that
the action is barred by the statute of limitations. The court, Peter
E. Deegan, J., denied the motion. Mercy appealed by leave granted,
and defendants Peter J. Clive, M.D., and X-ray Associates of Port
Huron cross appealed.

The Court of Appeals *held*:

MCL 600.2912b(1) provides that a person shall not commence an
action alleging medical malpractice by a health professional or
health facility unless the person has given the health professional
or health facility written notice of the intent to file an action not
less than 182 days before the action is commenced. Subsection
2912b(2) provides that the notice of intent shall be mailed to the
last known professional business address or residential address of
the health professional or health facility who is the subject of the
claim. MCL 600.5856(d) allows tolling of the period of limitation if,
during the 182-day notice period, a claim would be barred by the
statute of limitations. However, the period of limitation is not
tolled if, as in this case, the notice of intent does not comply with
§ 2912b. The trial court therefore erred in denying the defendants'
motion for summary disposition.

Reversed.

LIMITATION OF ACTIONS — MEDICAL MALPRACTICE — NOTICES OF INTENT TO FILE ACTIONS.

> A person shall not commence an action alleging medical malpractice by a health professional or health facility unless the person has given the health professional or health facility notice of intent to file an action not less than 182 days before the action is commenced; if, during the notice period, a claim would be barred by the applicable statute of limitations, the statutory period of limitation is tolled for not longer than a number of days equal to the number of days in the notice period after the date notice is given; the period of limitation is not tolled if the notice does not comply with statutory requirements (MCL 600.2912b, 600.5856[d]).

*Fieger, Fieger, Kenney & Johnson, P.C.* (by *Geoffrey N. Fieger, Arnold J. Matusz,* and *Tammy J. Reiss*), for Mary K. Fournier.

*Blake, Kirchner, Symonds, MacFarlane, Larson & Smith, P.C.* (by *Meria E. Larson* and *Francis J. Lagrou*), for Mercy Community Health Care System-Port Huron.

*Feikens, Stevens, Kennedy & Galbraith, P.C.* (by *Linda M. Galbraith*), for Peter J. Clive, M.D., and X-ray Associates of Port Huron.

Before: HOOD, P.J. and SMOLENSKI and KELLY, JJ.

KELLY, J. Defendant Mercy Community Health Care System-Port Huron appeals by leave granted and defendants Peter J. Clive, M.D., and X-ray Associates of Port Huron cross appeal an order denying their motion for summary disposition.[1] This appeal is being decided without oral argument pursuant to MCR 7.214(E). We reverse.

---

[1] Defendant Mercy filed a motion for summary disposition. Defendants Clive and X-ray Associates filed a concurrence in the motion.

I. BASIC FACTS AND PROCEDURAL HISTORY

The parties do not dispute these basic facts. Decedent, Donald M. Fournier, sought treatment for severe pain in his left side at defendant Mercy's emergency department on July 6, 1998. Hospital staff conducted several tests including a chest x-ray, a ventilation profusion lung scan, and a computerized axial tomography (CAT) scan. These tests were interpreted by defendant Clive. The next day, July 7, 1998, Fournier died from what was later determined to be a ruptured spleen. On July 13, 1998, the probate court issued letters of authority appointing plaintiff as personal representative of Fournier's estate.

Pursuant to MCL 600.2912b, plaintiff sent notices of intent on July 12, 2000, to six intended defendants by Federal Express for next day delivery. Next day delivery was significant because the two-year statutory period of limitation, absent tolling provisions, expired on July 13, 2000. However, because of what appears to be a clerical mistake in the office of plaintiff's counsel, all six notices of intent were placed in one Federal Express envelope and sent to Paul Bruer, M.D.[2] at his residential address. Federal Express made the delivery to Bruer's home on July 13, 2000. Because Bruer was out of town, his daughter accepted the delivery. Bruer returned home on July 16, 2000, and delivered the notices of intent to defendant Mercy's risk management department on July 17, 2000. Defendant Mercy's director of risk management

---

[2] One of the notices of intent was addressed to Bruer. However, the notice of intent does not indicate what role, if any, Bruer had in Fournier's treatment. Bruer was not named as a defendant in plaintiff's complaint.

delivered the notice of intent to defendant Clive on July 18, 2000. It appears that no notice of intent was drafted for defendant X-ray Associates; certainly, it never received one.

Plaintiff filed the complaint on January 10, 2001, alleging that defendants were negligent in their medical treatment and care of Fournier. Among other things, plaintiff alleged that defendant Clive did not properly interpret the CAT scan results.

Defendants answered the complaint and moved for summary disposition, pursuant to MCR 2.116(C)(7) and (C)(10) on the ground that the statutory period of limitation had expired before defendants were served. Defendants argued that the limitation period was not tolled by MCL 600.2912b because plaintiff failed to comply with its express provisions. Specifically, defendants argued that plaintiff failed to mail the notices of intent to defendants' last known residential or business addresses. In response, plaintiff asserted that she complied with the statutory requirement that notices of intent be mailed before the limitation period expires. Plaintiff contended that a good faith effort at mailing is sufficient and that an innocent mistake, causing defendants no prejudice, should not result in the overly harsh remedy of dismissal. Plaintiff further argued that the purpose of MCL 600.2912b, to encourage settlement, was not disrupted by the mailing error. Finally, plaintiff argued that defendants possibly received the notices of intent sooner than they would have had plaintiff sent them by ordinary mail on July 12, 2000. Plaintiff pointed out that the statute turns upon the mailing date, and not the receipt date.

The trial court found that plaintiff's mistake was not a "fatal one," concluding that all defendants received notice "in a timely manner and the purposes of the Statute, in this Court's opinion, were fulfilled."[3] The trial court denied defendants' motion for reconsideration.

## II. STANDARD OF REVIEW AND RULES OF CONSTRUCTION

We review de novo a trial court's ruling on a motion for summary disposition brought pursuant to MCR 2.116(C)(7). *Rheaume v Vandenberg*, 232 Mich App 417, 420-421; 591 NW2d 331 (1998). In reviewing the record to determine if the moving party was entitled to judgment as a matter of law, we consider all affidavits, pleadings, and other documentary evidence submitted by the parties and construe the pleadings in favor of the other party. *Id.* Absent a disputed question of fact, the determination whether a cause of action is barred by a statutory period of limitation is a question of law that this Court reviews de novo. *Colbert v Conybeare Law Office*, 239 Mich App 608, 613-614; 609 NW2d 208 (2000).

This Court also reviews de novo issues involving statutory construction. *Haliw v Sterling Hts*, 464 Mich 297, 302; 627 NW2d 581 (2001). The primary goal of statutory interpretation is to give effect to the Legislature's intent. *Rheaume, supra* at 422. To dis-

---

[3] Defendant Mercy argues that the trial court erroneously found that the notice was received by defendant's Mercy's risk management department on July 13, 2000. We find that the trial court simply misspoke when it stated: "Doctor Brauer [sic] was on vacation until July 16th of 2000, but delivered the Notice to Mercy Risk Management on July 13th of 2000." Moreover, the trial court conceded that plaintiff made a mistake; it did not find that the notice was mailed before the statutory period of limitation had expired.

cern legislative intent, this Court first analyzes the specific language employed in the statute. *Id.* The Legislature is presumed to have intended the meaning it plainly expressed. *Id.* If the language of a statute is clear and unambiguous, judicial construction is not permitted, and the statute must be applied as written. *Id.*

### III. ANALYSIS

Defendants argue that the trial court clearly erred in denying their motion for summary disposition. We agree. A notice of intent served in contravention of MCL 600.2912b is ineffective and does not toll the period of limitation.

In general, the statute of limitations relating to a wrongful death action is the statute of limitations for the underlying theory of liability. *Eggleston v Bio-Medical Applications of Detroit, Inc*, 248 Mich App 640, 646; 645 NW2d 279 (2001). Plaintiff's underlying claim is for medical malpractice. Generally, the limitation period for malpractice actions is two years from the time the claim first accrues. MCL 600.5805(5); *Solowy v Oakwood Hosp Corp*, 454 Mich 214, 219; 561 NW2d 843 (1997). However, a wrongful death saving provision applies if the deceased died either before or within thirty days after the period of limitation ended. MCL 600.5852; *McNeil v Quines*, 195 Mich App 199, 202; 489 NW2d 180 (1992). Under the saving provision, the personal representative of an estate may begin a lawsuit within two years after letters of authority are issued, as long as the lawsuit is brought within three years after the two-year general period of limitation ended. MCL 600.5852; *McNeil*, supra at 202. Thus, under the particular facts of this

case, the period of limitation expired July 13, 2000, two years after the letters of authority were issued.

Before filing suit, a plaintiff must serve a notice of intent on potential defendants. MCL 600.2912b provides:

> (1) Except as otherwise provided in this section, a person shall not commence an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice under this section not less than 182 days before the action is commenced.

Serving a potential defendant with a notice of intent under MCL 600.2912b may toll the limitation period to accommodate the 182-day notice period:

> The statutes of limitations or repose are tolled:
>
> \*     \*     \*
>
> (d) If, during the applicable notice period under section 2912b, a claim would be barred by the statute of limitations or repose, for not longer than a number of days equal to the number of days in the applicable notice period after the date notice is given in compliance with section 2912b. [MCL 600.5856.]

Because the language of MCL 600.5856(d) is clear and unambiguous, a plaintiff must comply with the stated requirements of the statute. See *Rheaume, supra* at 423 ("The negative implication of this section is that the statute of limitations is not tolled if the notice of intent to sue does not comply with § 2912b."). In the case at bar, the issue is whether plaintiff complied with the statutory requirements for tolling the statutory period of limitation.

With respect to the general requirements of the notice, MCL 600.2912b(2) provides:

> The notice of intent to file a claim required under subsection (1) shall be mailed to the last known professional business address or residential address of the health professional or health facility who is the subject of the claim. Proof of the mailing constitutes prima facie evidence of compliance with this section. If no last known professional business or residential address can reasonably be ascertained, notice may be mailed to the health facility where the care that is the basis for the claim was rendered.

The language of subsection 2912b(2) clearly requires that the notice "shall be mailed to the last known professional business address or residential address of the health professional or health facility who is the subject of the claim."[4] The Legislature's use of the word "shall" in subsection 2912b(2) makes mandatory the requirement that the notice be mailed in accordance with its provisions. See *Scarscella v Pollak*, 461 Mich 547, 549; 607 NW2d 711 (2000), quoting *Scarscella v Pollak*, 232 Mich App 61, 62-65; 591 NW2d 257 (1998) (explaining that use of the word "shall" indicates a mandatory rather than a discretionary provision).

In this case, Fournier died on July 7, 1998. The letters of authority were issued on July 13, 1998. Therefore, the two-year statutory period of limitation began on July 13, 1998, and extended to July 13, 2000. On July 12, 2000, plaintiff mailed six notices of intent to Bruer's residential address. Because plaintiff did not

---

[4] The exception permitting the notice to be mailed to the health facility where the care was rendered applies where the last known business or residential address cannot reasonably be ascertained. Plaintiff does not argue that this exception applies to this case.

provide notice "in compliance with" MCL 600.2912b, the limitation period was not tolled by MCL 600.5856(d). Consequently, the limitation period expired on July 13, 2000. Plaintiff filed the complaint on January 10, 2001, well after the limitation period expired.

Plaintiff urges this Court to affirm the trial court's ruling on several grounds. First, plaintiff argues that that her "good faith" efforts to deliver the notices to defendants should save her cause of action. However, this argument ignores the fact that MCL 600.2912b does not contain a good faith requirement, but, rather, a specific requirement that the notices be mailed to the last known business or residential address of defendants. For the same reason, it is irrelevant that defendants "may have actually received the notice earlier" than if plaintiff had mailed the notices by regular mail. Likewise, the fact that defendants cannot show prejudice or delay is also irrelevant because the language of the statute is clear.

Plaintiff failed to comply with the notice requirements of MCL 600.2912b. The two-year statutory period of limitation expired before plaintiff filed her complaint. Therefore, the trial court erred in denying defendants' motion for summary disposition pursuant to MCR 2.116(C)(7).

Reversed.