McNEIL v QUINES

Docket No. 131273. Submitted May 5, 1992, at Lansing. Decided July
    21, 1992, at 9:10 A.M.

Betty T. McNeil, as personal representative of the estate of
    Robert A. McNeil, who died on June 20, 1981, brought a
    malpractice action in the Tuscola Circuit Court on March 14,
    1990, against Fay Quines, M.D., who last treated the decedent
    on the date of his death. The plaintiff, whose appointment as
    personal representative became effective on June 15, 1983, had
    brought a negligence action in the Saginaw Circuit Court on
    June 17, 1983, against two hospitals that had treated the
    decedent. The plaintiff moved to add Quines as a defendant in
    that action on May 21, 1985, and the motion was granted on
    May 28, 1985. The Saginaw Circuit Court granted summary
    disposition for the defendants on March 1, 1990, determining
    that it lacked jurisdiction. The Tuscola Circuit Court, Patrick
    R. Joslyn, J., granted summary disposition for Quines, ruling
    that the action was barred by the applicable statutes of limita-
    tion. The plaintiff appealed.

  The Court of Appeals *held:*

  Medical malpractice actions generally are subject to a two-
year period of limitation. MCL 600.5805(4); MSA 27A.5805(4),
MCL 600.5838; MSA 27A.5838. However, where a person dies
before the expiration of the period, MCL 600.5852; MSA
27A.5852 extends it for two years after letters testamentary or
letters of administration are granted to the executor or admin-
istrator of the person's estate. In this case, the period was
extended to June 15, 1985, and was tolled on May 21, 1985,
when the plaintiff added Quines as a defendant in the action in
the Saginaw Circuit Court. The period of limitation recom-
menced on March 1, 1990, when the Saginaw Circuit Court
dismissed the action, and had not expired when the plaintiff
brought her action in the Tuscola Circuit Court.

  Reversed.

*Diane M. Freilich* and *Charles J. Porter,* for the
plaintiff.

*Smith & Brooker, P.C.* (by *James W. Tarter*), for the defendant.

Before: Wahls, P.J., and Marilyn Kelly and Reilly, JJ.

Per Curiam. In this medical malpractice action, plaintiff, the personal representative of the estate of Robert McNeil, deceased, appeals as of right from an order of the Tuscola Circuit Court that granted summary disposition to defendant pursuant to MCR 2.116(C)(7). The trial court held that plaintiff's claim was barred by the statute of limitations. We reverse.

This case has been before this Court previously. See *McNeil v Caro Community Hosp,* 167 Mich App 492; 423 NW2d 241 (1988), which sets forth some of the facts of the case. In the prior appeal on leave granted, this Court held that the Saginaw Circuit Court, where plaintiff first brought her claim, had abused its discretion when it set aside a May 10, 1984, order that had dismissed the case with prejudice. The order that set aside the dismissal was entered on March 5, 1985, and the instant defendant was added as a party on May 28, 1985. Later, the two defendant hospitals' motions for summary disposition in the prior action were denied by the Saginaw Circuit Court, and this Court granted leave to appeal. The instant defendant was not a party to that appeal. After this Court reversed the order that set aside the dismissal and our Supreme Court denied plaintiff leave to appeal, 434 Mich 852 (1990), defendant moved for and was granted summary disposition in the Saginaw Circuit Court. Plaintiff then filed an action in the Tuscola Circuit Court against defendant. We will address additional facts that relate to the statute of limitations issue in our discussion in issue III, *infra.*

I

Plaintiff first claims that the Saginaw Circuit Court erred in granting defendant's motion for summary disposition. This issue is not properly before us. The instant appeal arises from the Tuscola Circuit Court's grant of summary disposition, not that of the Saginaw Circuit Court. Plaintiff did not appeal the Saginaw Circuit Court order. Even if the issue were properly before us, we have not been provided with the record pertaining to the Saginaw Circuit Court proceeding. We will not review this argument. MCR 7.204(A)(1); MCR 7.210.

II

Plaintiff next argues that the Saginaw Circuit Court's grant of summary disposition to defendant was not an adjudication on the merits. We agree. This is a threshold argument to the statute of limitations question that we will consider next. According to the Saginaw Circuit Court order,[1] "the Court did not base its decision on the merits of the case, but on the basis of the appellate decisions denying re-instatement [sic] of the original cause of action, thereby suggesting that this Court did not have jurisdiction to allow an amendment to the complaint to add Defendant ғᴀʏ Qᴜɪɴᴇs, ᴍ.ᴅ."[2] The trial court did not review the merits of plaintiff's case, but rather dismissed the case because it believed that it lacked jurisdiction. This was not an adjudication on the merits. *Laude v Cossins,* 334 Mich 622, 625-626; 55 NW2d 123 (1952).

---

[1] A copy of the order was found in the Tuscola Circuit Court record.

[2] We express no opinion with regard to the trial court's reasoning. See issue ɪ, *supra.*

III

Plaintiff claims that the Tuscola Circuit Court erred in granting defendant summary disposition on the ground that the statutory period of limitation had allegedly run. The transcript of the hearing on defendant's motion does not clearly indicate the trial court's reasons for its decision.[3]

Plaintiff's claim against defendant accrued on June 20, 1981, the last day of treatment and the day plaintiff's decedent died. However, a personal representative of the decedent's estate was not appointed until June 15, 1983. The two-year statutory period of limitation applicable to medical malpractice actions, MCL 600.5805(4); MSA 27A.5805(4), MCL 600.5838; MSA 27A.5838, would have expired five days later, on June 20, 1983. MCL 600.5852; MSA 27A.5852, however, extended the limitation period:

> If a person dies before the period of limitations has run or within 30 days after the period of limitations has run, *an action which survives by law may be commenced by* or against *the executor* or administrator of the deceased person or the claim may be proved as a debt against the estate of the deceased person, as the case may be, *at any time within 2 years after letters testamentary or letters of administration are granted, although the period of limitations has run,* subject to the limitations provided in section 20 of chapter 8 of Act No.

---

[3] We are somewhat troubled by one of the trial judge's statements:

> If I should rule in favor of the plaintiff in this matter, that means I go through a medical malpractice lawsuit, and six years from now find out that the defendant was right, that's basically what's going on here.

When ruling on the legal issue of the statute of limitations, the trial court should not have considered the factual validity of plaintiff's claim or the convenience that a grant of summary disposition to defendant would afford the trial court.

288 of the Public Acts of 1939, being section 708.20 of the Compiled Laws of 1948. *But no executor or administrator shall bring an action under this provision unless he commences it within 3 years after the period of limitations has run.* [Emphasis added.]

Thus, on the facts of this case, the period of limitation was extended until June 15, 1985.[4] On May 21, 1985, plaintiff moved to add defendant as a party. On May 28, 1985, the Saginaw Circuit Court entered an order that allowed plaintiff to amend her complaint and name defendant as a party. Because plaintiff proceeded to secure the order that allowed the amendment within a reasonable time, the period of limitation was tolled from the date plaintiff moved to add defendant, May 21, 1985. *Hall v Fortino,* 158 Mich App 663; 405 NW2d 106 (1986). After defendant was joined as a party and the court acquired jurisdiction over defendant, the limitation period remained tolled. MCL 600.5856; MSA 27A.5856. During the Saginaw Circuit Court proceedings, then, twenty-five days remained on the limitation period, i.e., May 21, 1985, to June 15, 1985.

After this Court reversed the Saginaw Circuit Court order that allowed plaintiff to set aside the dismissal, defendant moved for summary disposition. The motion was granted, and an amended order was entered on March 1, 1990, on which date the period of limitation began to run again. Plaintiff filed her Tuscola Circuit Court action against defendant on March 14, 1990, within the twenty-five days that remained in the limitation

---

[4] We understand the three-year period referred to in MCL 600.5852; MSA 27A.5852 to be a limitation of the two-year extension allowed by the statute in cases where an executor or administrator is not appointed until more than three years after a statutory period of limitation has run. This case does not present that situation.

period after the Saginaw Circuit Court action was dismissed. With regard to the new action and the statute of limitations, the period of limitation was tolled during the time the Saginaw Circuit Court action was pending between plaintiff and defendant (and, earlier, during the period after the personal representative was appointed) because the Saginaw Circuit Court action was not adjudicated on the merits. *Roberts v City of Troy,* 170 Mich App 567, 581; 429 NW2d 206 (1988). See also issue II, *supra.* The Tuscola Circuit Court action therefore was not barred by the statute of limitations.

We reject defendant's argument that the period of limitation expired on June 15, 1985. Defendant claims that, because this Court reversed the March 5, 1985, order that set aside the dismissal, everything that occurred thereafter was "nullified," including the addition of defendant as a party. Defendant provides no relevant authority for this proposition, and this Court will not search for authority to sustain or reject a party's position. *Consumers Power Co v Public Service Comm,* 181 Mich App 261, 268; 448 NW2d 806 (1989). We note that, even though the order was later reversed, the Saginaw Circuit Court had acquired jurisdiction over defendant and that, after this Court reversed the order, defendant remained a party to the action and brought a motion for summary disposition, which was granted.

We conclude that the Tuscola Circuit Court erred in granting summary disposition to defendant pursuant to MCR 2.116(C)(7).

Reversed.