**Michigan Supreme Court**
**Lansing, Michigan 48909**

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

# Opinion

FILED APRIL 14, 2004

COLLENE E. WALTZ, Personal Representative
Of the Estate of JERRITH WALTZ, Deceased,

 Plaintiff-Appellant,

v                                                        Docket No. 122580

CAROL WYSE, D.O., and HILLS &
DALES COMMUNITY GENERAL HOSPITAL,

 Defendants-Appellees.

_____

BEFORE THE ENTIRE BENCH

YOUNG, J.

 We granted leave in this wrongful death medical malpractice case to consider the interplay between MCL 600.5856(d)[1] and MCL 600.5852.[2] Specifically, we must determine whether § 5856(d), the medical malpractice notice

_____

 [1] MCL 600.5856(d) tolls the applicable "statute of limitations or repose" when a claimant, in compliance with MCL 600.2912b, provides written notice of her intent to commence a medical malpractice action.

 [2] MCL 600.5852 extends the otherwise-applicable limitation periods for wrongful death actions.

tolling provision, tolls the additional period permitted for filing wrongful death actions under the wrongful death saving provision, § 5852. We conclude that § 5856(d) does not apply to the wrongful death saving provision and that, therefore, plaintiff's action was not timely filed. Accordingly, we affirm the judgment of the Court of Appeals.

## I. Facts[3] and Procedural History

Plaintiff's son, four-month-old Jerrith Waltz, died in the emergency room of defendant Hills & Dales Community General Hospital on April 18, 1994. In the months prior to his death, Jerrith was treated by defendant Dr. Carol Wyse for vomiting, diarrhea, pneumonia, and problems leading to dehydration and an inability to eat.

Bearing in mind that plaintiff's son died on April 18, 1994, particularly relevant to this appeal are the dates on which plaintiff took steps to file a medical malpractice action against the hospital and Dr. Wyse:

> 1. In January 1999, plaintiff, who had not yet been appointed personal representative of Jerrith's estate, notified the hospital and Dr. Wyse of her intent to file suit as required by MCL 600.2912b.

---

[3] This matter was resolved on summary disposition. We accept for purposes of this appeal the accuracy of the recitation of facts contained in plaintiff's notice of intent to file suit and complaint.

2

2. On May 27, 1999, plaintiff was appointed personal representative of Jerrith's estate.

3. On June 23, 1999, plaintiff, in her capacity as personal representative, filed a wrongful death medical malpractice complaint against the hospital and Dr. Wyse.

Defendants sought summary disposition, arguing that plaintiff had failed to file her complaint within either the applicable two-year limitation period for malpractice actions, MCL 600.5805(5),[4] or the additional period allowed for wrongful death actions under § 5852.[5] Defendants contended that the notice tolling provision, § 5856(d),[6] did

---

[4] MCL 600.5805(5) was renumbered as MCL 600.5805(6) by 2002 PA 715, effective March 31, 2003.

[5] MCL 600.5852 provides:

If a person dies before the period of limitations has run or within 30 days after the period of limitations has run, an action which survives by law may be commenced by the personal representative of the deceased person at any time within 2 years after letters of authority are issued although the period of limitations has run. But an action shall not be brought under this provision unless the personal representative commences it within 3 years after the period of limitations has run.

Thus, § 5852 provides an exception to the otherwise-applicable limitation periods by permitting the personal representative of a decedent's estate to file a wrongful death action up to two years after letters of authority are issued, subject to a three-year ceiling.

[6] MCL 600.5856 provides, in relevant part:

The statutes of limitations or repose are tolled:

3

not toll the additional period provided for wrongful death actions under § 5852. Defendants argued that § 5852 was not itself a "statute of limitations or repose," but was instead a *saving* provision that merely provided a "grace period" that *extended* the otherwise-applicable limitation period. Moreover, defendants contended that plaintiff had no authority to file her notices of intent in January 1999, before she was appointed personal representative; thus, the notices did not serve to toll the time limit for filing suit in any event.[7]

---

\* \* \*

> (d) If, during the applicable notice period under [MCL 600.2912b], a claim would be barred by the statute of limitations or repose, for not longer than a number days equal to the number of days in the applicable notice period after the date notice is given in compliance with section 2912b.

Under this provision, the limitation period is tolled for 182 days if the plaintiff provides a valid notice of intent before the limitation period expires. See MCL 600.2912b(1); *Omelenchuk v Warren*, 461 Mich 567; 609 NW2d 177 (2000).

[7] In addition to her contention that the statute of limitations barred plaintiff's action, defendant Wyse argued that (1) plaintiff failed to state a claim upon which relief could be granted because she failed to allege Dr. Wyse's standard of care or facts demonstrating proximate cause; (2) plaintiff's affidavit of merit did not comply with the provisions of MCL 600.2912d; and (3) plaintiff's notice of intent to file suit did not comply with the provisions of § 2912b. Defendant hospital joined in defendant Wyse's motion only with respect to the statute of limitations issue. Because we conclude that summary disposition was properly granted on that basis, it is

The trial court granted defendants' motion, holding that (1) because the notice tolling provision, § 5856(d), did not toll the wrongful death "extension period," § 5852, and (2) because plaintiff was not appointed personal representative until after both the statute of limitations, § 5805(5), *and* the wrongful death "extension period" had expired, the action was time-barred.[8]

The Court of Appeals affirmed, holding that the trial court correctly concluded that the statute of limitations barred plaintiff's claim. Unpublished opinion per curiam, issued October 1, 2002 (Docket No. 231324). We granted plaintiff's application for leave to appeal.

_____

unnecessary to address the additional issues raised by Dr. Wyse.

[8] Although in light of our resolution of this matter it is not necessary to address at any length the significance of the fact that plaintiff had not yet been appointed personal representative at the time that she filed her notices of intent, we note that former MCL 700.332 (repealed and recodified in part at MCL 700.3701, 1998 PA 386, effective April 1, 2000) provided that "[t]he powers of an independent personal representative relate back in time to give acts by the person appointed which are beneficial to the estate occurring before the appointment the same effect as those occurring thereafter."

The trial court additionally held that plaintiff failed to state a claim on which relief could be granted, MCR 2.116(C)(8), because she failed to specifically plead the applicable standard of care. Because we agree that the statute of limitations barred plaintiff's action, we need not address this alternate ground for summary disposition.

5

## II. STANDARD OF REVIEW

We review de novo decisions regarding summary disposition motions.[9] Under MCR 2.116(C)(7), summary disposition is proper when a claim is barred by the statute of limitations. In determining whether summary disposition was properly granted under MCR 2.116(C)(7), this Court "consider[s] all documentary evidence submitted by the parties, accepting as true the contents of the complaint unless affidavits or other appropriate documents specifically contradict them."[10]

## III. ANALYSIS

### A. SECTION 5856(d) DOES NOT OPERATE TO TOLL § 5852

Plaintiff argues that her complaint was timely filed under the wrongful death provision, § 5852, as extended by the notice tolling provision, § 5856(d). Plaintiff contends that in *Omelenchuk v Warren*, this Court applied the notice tolling provision to § 5852 and referred to § 5852 as setting forth a "limitation period." Thus, despite the fact that she did not file her notices of intent until well after the expiration of the two-year malpractice limitation period, plaintiff claims that she had until

---

[9] *Maskery v Bd of Regents*, 468 Mich 609, 613; 664 NW2d 165 (2003).

[10] *Fane v Detroit Library Comm*, 465 Mich 68, 74; 631 NW2d 678 (2001); MCR 2.116(G)(5).

6

October 17, 1999 (182 days after the notices of intent were served) to file suit.

The Court of Appeals rejected plaintiff's argument, holding that the notice tolling provision did not toll the extended filing period for wrongful death actions:

> In general, the statute of limitations for a wrongful death action is the statute of limitations for the underlying theory of liability, *Eggleston v Bio-Medical Applications of Detroit, Inc*, 248 Mich App 640, 646; 645 NW2d 279 (2001), which is two years for medical malpractice, *id.*, MCL 600.5805(5); *Solowy v Oakwood Hosp Corp*, 454 Mich 214, 219; 561 NW2d 843 (1997). . . . However, a wrongful death savings provision applies if the deceased died either before or within thirty days after the period of limitations ended. MCL 600.5852; *McNeil v Quines*, 195 Mich App 199, 202; 489 NW2d 180 (1992). Under the savings provision, the personal representative of an estate may begin a lawsuit within two years after letters of authority are issued, as long as the lawsuit is brought within three years after the two-year general period of limitations ended. MCL 600.5852; *McNeil, supra* at 202. This creates a maximum time of five years for filing suit, unless the six-month discovery rule in MCL 600.5838(2) applies.

> Here, plaintiff failed to file her complaint within five years after her son's death. However, she argues that the five-year period was tolled for 182 days when her attorney sent both defendants notices of intent before filing suit, as required when a person alleges medical malpractice, MCL 600.2912b(1). See also *Rheaume v Vandenberg*, 232 Mich App 417, 421; 591 NW2d 331 (1998). Generally, the potential plaintiff must wait at least 182 days after giving notice before filing a complaint, MCL 600.2912b(1); however, this period is reduced to 154 days if, as in this case, there was no written response to the notice, MCL 600.2912b(8). See also *Omelenchuk, supra* at 572-573. When the interval when a potential plaintiff is not allowed to commence an action would end after the expiration of the limitations period, then MCL 600.5856(d)

7

applies and the period of limitations is tolled for 182 days, *Omelenchuk, supra* at 574-575, if the notice meets the substantive requirements set forth in MCL 600.2912b, *Roberts v Mecosta Co General Hosp*, 466 Mich 57, 59, 67, 70-71; 642 NW2d 663 (2002).

Here, the parties do not dispute that the wrongful death savings statute applied, and thus plaintiff could file suit within five years of the infant's death, which plaintiff did not do. However, plaintiff claims that the notices of intent given to defendants tolled the extended five-year limit set forth in the savings statute, MCL 600.5852. We disagree. We need look no further than the language of the tolling statute to resolve this issue. MCL 600.5856(d) expressly tolls the "statute of limitations." The Supreme Court has said recently that MCL 600.5852 is not a statute of limitations, but rather a savings statute. *Miller* [*v Mercy Memorial Hosp,* 466 Mich 196; 644 NW2d 730 (2002).] Therefore, by its express language, MCL 600.5856(d) tolls the statute of limitations, not the extended limit in MCL 600.5852. Consequently, the trial court did not err because the statute of limitations barred plaintiff's claim. [Slip op, pp 2-3.][11]

We agree with and adopt the reasoning of the Court of Appeals in affirming the grant of summary disposition for defendants. Section 5856(d), by its express terms, tolls only the applicable "statute of limitations or repose." As we recently stated in *Miller, supra* at 202, the wrongful

---

[11] The panel distinguished *Omelenchuk*:

To the extent that plaintiff relies on *Omelenchuk, supra* at 577, we find that case distinguishable. In that case, the Supreme Court added the 182-day tolling period to the two-year limitation period that started when the personal representative was appointed, not the five-year maximum at issue here. [Slip op p 3 n 2.]

8

death provision, § 5852, "is a *saving statute*, not a statute of limitations." (Emphasis supplied.)[12] See also *Lindsey v Harper Hosp*, in which we explained that § 5852, as "the statute of limitations *saving provision*" and an "*exception* to the statute of limitations," operated "to suspend the running of the statute until a personal representative is appointed to represent the interests of the estate."[13]

The plain language of § 5852 wholly supports our conclusion that it is not itself a "statute of limitations." Again, § 5852 provides:

> If a person dies before the *period of limitations* has run or within 30 days after the *period of limitations* has run, an action which survives by law may be commenced by the personal representative of the deceased person at any time

---

[12] Even our dissenting colleague agrees that it has long been settled that § 5852 is not a statute of limitations, but a savings provision. See *post* at 10. However, the dissent does not address the plain language of § 5856(d), which tolls only the applicable "*statute of limitations or repose.*"

The dissent further questions "how a claim may be considered time-barred under the saving provision if the saving provision is not a limitation period." *Post* at 12. The dissent misunderstands our analysis. Plaintiff's claim is not time-barred under the *saving* provision. Rather, it is barred by the two-year statute of limitations for medical malpractice actions. The saving provision simply does not *save* plaintiff's claim because she did not file her complaint until after the *grace period* provided for in the saving provision had expired.

[13] *Lindsey v Harper Hosp*, 455 Mich 56, 60-61, 65; 564 NW2d 861 (1997).

9

> within 2 years after letters of authority are
> issued *although the period of limitations has run*.
> But an action shall not be brought under this
> provision unless the personal representative
> commences it within 3 years after the *period of
> limitations* has run. [Emphasis supplied.]

By its own terms, § 5852 is operational only within the context of the *separate* "period of limitations" that would otherwise bar an action. Section 5852 clearly provides that it is an *exception* to the limitation period, allowing the commencement of a wrongful death action as many as three years after the applicable statute of limitations has expired.

In this case, the two-year limitation period provided in § 5805(5) expired on April 18, 1996, two years after Jerrith's death. In order to toll the period under § 5856(d), plaintiff was required to provide notices of intent in compliance with the provisions of MCL 600.2912b before the expiration of the two-year limitation period. Had she done so, the limitation period would have been tolled for 182 days. See *Omelenchuk, supra*.

However, plaintiff did not provide her notices of intent until January 1999, well after the expiration of the two-year limitation period. As we have explained, the three-year ceiling provided in the wrongful death saving provision was not "tolled" following plaintiff's provision

10

of the notices of intent.  Thus, plaintiff's June 23, 1999,

complaint was time-barred.[14]

### B.  *OMELENCHUK V WARREN*

Plaintiff argues, and the Court of Appeals apparently

agreed, that this Court in *Omelenchuk* applied the notice

tolling provision to § 5852.  See slip op, p 3 n 2.  We

take this opportunity to clarify our holding in *Omelenchuk*.

The issue in *Omelenchuk* was whether the malpractice

notice tolling provision tolled the statutory limitation

period for a full 182 days or, instead, for only 154 days,

when a medical malpractice claimant does not receive the

written response to the notice of intent contemplated under

---

[14] We disagree with the dissent's assertion that our reading of the applicable statutes "effectively reduce[s]" by 182 days the two- and three-year periods provided for in § 5852.  See *post* at 21.  Plaintiff had a full two years after letters of authority were issued to commence her claim, as long as the claim was commenced within three years after the expiration of the two-year limitation period for medical malpractice actions.  Additionally, plaintiff was entitled to a 182-day tolling period under § 5856(d), provided that she filed her notice of intent at some point before the expiration of that two-year limitation period.  Potentially, then, under §§ 5805(5), 5852, and 5856(d), plaintiff had *five years plus 182 days* to commence her lawsuit following the accrual of her cause of action.  However, because plaintiff waited until nearly five years had passed after her infant's death to file her notice of intent, there was simply no unexpired "statute of limitations" to toll.  This analysis in no way shortens either the two-year extension period or the three-year ceiling provided for in § 5852.

11

MCL 600.2912b(7).[15]  We held that the limitation period was tolled for the entire 182-day period, notwithstanding the fact that the plaintiffs, who were appointed personal representatives of the decedent's estate the day after his death and who filed their notice of intent before the expiration of the two-year limitation period, *could* have commenced their lawsuit after only 154 days.

It was unnecessary in *Omelenchuk* to determine whether the 182-day notice tolling provision applied to the wrongful death saving provision.  The plaintiffs' decedent died on February 13, 1994.  Leaving aside application of the wrongful death saving provision, the two-year medical malpractice limitation period would thus have expired on February 13, 1996.  The plaintiffs filed their notice of intent on December 11, 1995, and they did not receive a written response from the defendants.  We held that the plaintiffs were entitled to a tolling period of a full 182 days, rather than only 154 days, even though under MCL 600.2912b(8) they *could* have filed suit after 154 days.  Applying the 182-day tolling period, the two-year

_____

[15] MCL 600.2912b(7) provides that the recipient of a notice of intent shall furnish a written response within 154 days after receipt.  MCL 600.2912b(8) provides that if no response is received by the claimant, he may commence a medical malpractice action upon the expiration of the 154-day period rather than waiting out the full 182-day period otherwise contemplated by § 2912b(1).

limitation period would have expired on August 13, 1996, *irrespective of the wrongful death saving statute.*  The plaintiffs filed their complaint on July 19, 1996, well before expiration of the limitation period as extended by the tolling provision.

The source of the confusion surrounding our holding in *Omelenchuk* stems in part from our passing references to § 5852 as creating a "limitation period."  See, e.g., *Omelenchuk, supra* at 577:

> In the present case, the plaintiffs' decedent died on February 13, 1994.  The plaintiffs received their letters of authority the next day, February 14, 1994.  Thus, [pursuant to § 5852,] the two-year *limitation period* was set to expire on February 14, 1996.  [Emphasis added.]

To the extent that our imprecise choice of words in *Omelenchuk* implied that § 5852 created a separate "limitation period," we again clarify that § 5852 is not a statute of limitations, but a *saving* statute.

We additionally note that we mistakenly, and unnecessarily, based our time calculations on a starting date of February *14*, 1994 (the date the personal representatives were appointed), when we should have based those calculations on the accrual date of the cause of action, February *13*, 1994 (the date of the decedent's death).  See *Omelenchuk, supra* at 577:

13

In the present case, the plaintiffs' decedent died on February 13, 1994. The plaintiffs received their letters of authority the next day, February 14, 1994. Thus, the two-year limitation period was set to expire on February 14, 1996.

On December 11, 1995 (sixty-five days before the expiration of the limitation period) the plaintiffs provided the required notice to the defendants. As a result of the notice, the limitation period was tolled one hundred eighty-two days. Rather than expiring on February 14, 1996, the limitation period thus was tolled from December 11, 1995, until June 10, 1996; it then resumed for another sixty-five days until it expired on August 14, 1996.

* * *

The plaintiffs . . . filed their complaint on July 19, 1996, nearly a month before the end of the recalculated limitation period.

We should have stated that rather than expiring on February *13*, 1996, the limitation period was tolled from December 11, 1995, until June 10, 1996, and then resumed for another sixty-five days until it expired on August *13*, 1996. In any event, it was unnecessary to apply the wrongful death saving provision because the action was commenced within the two-year limitation period. To the limited extent that the above-quoted portion of *Omelenchuk* might be viewed as sanctioning application of the notice tolling provision to the wrongful death saving provision, it is hereby overruled.

IV. Conclusion

Section 5852 is a *saving* provision designed "to preserve actions that survive death in order that the

14

representative of the estate may have a reasonable time to pursue such actions." *Lindsey, supra* at 66. It is not a "statute of limitations" or a "statute of repose." Thus, the notice tolling provision, § 5856(d)—which explicitly applies only to "the statute of limitations or repose"—does not operate to toll the additional period permitted under § 5852 for filing wrongful death actions. Because plaintiff did not file her complaint until well after the expiration of both the two-year limitation period for malpractice actions and the grace period provided for in § 5852, the lower courts properly determined that the action was time-barred. Accordingly, we affirm the judgment of the Court of Appeals.

> Robert P. Young, Jr.
> Maura D. Corrigan
> Elizabeth A. Weaver
> Clifford W. Taylor
> Stephen J. Markman

# S T A T E   O F   M I C H I G A N

## SUPREME COURT

COLLENE E. WALTZ, Personal Representative
of the Estate of JERRITH WALTZ, Deceased,

    Plaintiff-Appellant,

v

No. 122580

CAROL WYSE, D.O., AND HILLS &
DALES COMMUNITY GENERAL HOSPITAL,

    Defendants-Appellees.

_____

CAVANAGH, J. (*dissenting*).

This case calls on us to determine whether MCL 600.5856(d) tolls the period provided for filing wrongful death claims under MCL 600.5852 where the wrongful death claim is predicated on medical malpractice. Because I find that § 5856(d) applies to § 5852, I respectfully dissent from the majority's decision. The majority's holding has the practical effect of shortening the period the Legislature expressly permits for bringing wrongful death actions. Consistently with the will of the Legislature and this Court's unanimous opinion per curiam in *Omelenchuk v City of Warren*, 461 Mich 567; 609 NW2d 177 (2000), I would reverse the decision of the Court of Appeals.

## I. Interplay of Relevant Statutory Provisions

Today's decision evidences the majority's misunderstanding of the nature of plaintiff's claim, as well as the interplay between the statutory limitation provisions pertaining to wrongful death actions and medical malpractice claims. Presumably, it is this basic misunderstanding that drives the majority's result. The majority states, "In this case, the two-year limitation period provided in § 5805(5) expired on April 18, 1996, two years after Jerrith's death. In order to toll the period under § 5856(d), plaintiff was required to provide notices of intent in compliance with the provisions of MCL 600.2912b before the expiration of the two-year limitation period." *Ante* at 11. Because the majority does not fully comprehend the nature of this case, an examination of plaintiff's claim and the applicable statutory provisions is necessary.

"Early in its history, Michigan adopted a rather liberal 'survival act' to preserve causes of action which, under common law, were terminated by the death either of the person injured or the tortfeasor." *Hawkins v Regional Med Labs, PC*, 415 Mich 420, 428-429; 329 NW2d 729 (1982). MCL 600.2921 pertains to survival actions and provides:

All actions and claims survive death. Actions on claims for injuries which result in death shall not be prosecuted after the death of the injured person except pursuant to the next section. If an action is pending at the time of death the claims may be amended to bring it under the next section. A failure to so amend will amount to a waiver of the claim for additional damages resulting from death.

Thus, survival type wrongful death actions are filtered through MCL 600.2922, which provides in pertinent part:

(1) Whenever the death of a person or injuries resulting in death shall be caused by wrongful act, neglect, or fault of another, and the act, neglect, or fault is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages, the person who or the corporation that would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death was caused under circumstances that constitute a felony.

The statute of limitations for a wrongful death action is normally governed by the statute of limitations for the underlying claim. *Larson v Johns-Manville Sales Corp*, 427 Mich 301, 314; 399 NW2d 1 (1986). In general, the limitation period for a medical malpractice action is two years. MCL 600.5805(5); *Miller v Mercy Memorial Hosp*, 466 Mich 196, 199; 644 NW2d 730 (2002). The Legislature, however, has set forth specific statutory limitation provisions relating to medical malpractice and wrongful death actions.

3

For example, MCL 600.5838a provides in pertinent part:

(1) For purposes of this act, a claim based on the medical malpractice of a person or entity who is or who holds himself or herself out to be a licensed health care professional, licensed health facility or agency, or an employee or agent of a licensed health facility or agency who is engaging in or otherwise assisting in medical care and treatment, whether or not the licensed health care professional, licensed health facility or agency, or their employee or agent is engaged in the practice of the health profession in a sole proprietorship, partnership, professional corporation, or other business entity, accrues at the time of the act or omission that is the basis for the claim of medical malpractice, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim.

* * *

(2) Except as otherwise provided in this subsection, an action involving a claim based on medical malpractice *may be commenced at any time within the applicable period prescribed in section 5805 or sections 5851 to 5856*, or within 6 months after the plaintiff discovers or should have discovered the existence of the claim, whichever is later. [Emphasis added.]

Further, and at issue here, is the wrongful death saving provision. MCL 600.5852 provides in pertinent part:

If a person dies before the period of limitations has run or within 30 days after the period of limitations has run, an action which survives by law may be commenced by the personal representative of the deceased person at any time within 2 years after letters of authority are issued although the period of limitations has run. But an action shall not be brought under this provision unless the personal representative commences it within 3 years after the period of limitations has run.

4

Under § 5852, the Legislature has expressly granted a personal representative "an additional two years from the date of issuance of letters [of authority] in which to bring suit provided that, in any event, the [personal representative] brings suit not more than three years after the limitations period has run." *Hawkins*, *supra* at 438. Thus, the Legislature has extended the time in which to bring wrongful death claims, including those claims based upon medical malpractice.

It is against this backdrop that the Legislature's tort reform measures must be considered. The Legislature *requires* a plaintiff alleging medical malpractice, including a personal representative bringing a wrongful death action, to provide notice of intent to commence an action to the defendant before filing a complaint. MCL 600.2912b; *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 65; 642 NW2d 663 (2002). After giving notice of intent, a plaintiff *must* wait at least one hundred eighty-two days before filing the complaint; however, this period may be reduced to one hundred fifty-four days if the plaintiff does not receive a written response from the defendant. MCL 600.2912b(1) and (8). During this "waiting period *required* under MCL 600.2912b," however, the Legislature has provided that MCL 600.5856(d) will toll the period of

5

limitations. *Roberts*, *supra* at 60 (emphasis added). MCL 600.5856(d) provides:

> If, during the applicable notice period under section 2912b, a claim would be barred by the statute of limitations or repose, for not longer than a number of days equal to the number of days in the applicable notice period after the date notice is given in compliance with section 2912b.

The Legislature has seen fit to provide a comprehensive time frame for actions alleging medical malpractice. The statutes pertaining to the timing of medical malpractice and wrongful death are intertwined.

## II. *OMELENCHUK V CITY OF WARREN*

In *Omelenchuk*, nearly all the aforementioned statutory provisions were implicated. Thus, the majority's newfound wisdom and its avoiding that decision necessitate a thorough examination.

In examining the language of the notice tolling provision, § 5856(d), this Court began its analysis with the following observation: "Certainly, that provision could have been written more clearly." *Omelenchuk*, *supra* at 574. In construing § 5856(d), this Court noted:

> If, however, the interval when a potential plaintiff is not allowed to file suit would end after the expiration of the *limitation period* (i.e., if notice is given one hundred eighty-two days or less before the end of the *limitation period*), then MCL 600.5856(d); MSA 27A.5856(d)

6

applies. In that instance, the *limitation period* is tolled. [*Id*. (emphasis added).]

In determining how long the limitation period is tolled under § 2912b, "we conclude[d] and [held] that the preferred construction is that the *limitation period* is tolled for the full one hundred eighty-two days." *Id*. at 575 (emphasis added).

In applying the notice tolling provision, § 5856(d), to the wrongful death saving provision, § 5852, we noted:

> In the present case, the plaintiffs' decedent died on February 13, 1994. The plaintiffs received their letters of authority the next day, February 14, 1994. Thus, the two-year *limitation period* was set to expire on *February 14, 1996*.
>
> On December 11, 1995 (sixty-five days before the expiration of the *limitation period*) the plaintiffs provided the required notice to the defendants. As a result of the notice, the *limitation period* was tolled one hundred eighty-two days. Rather than expiring on *February 14, 1996*, the *limitation period* thus was tolled from December 11, 1995, until June 10, 1996; it then resumed for another sixty-five days until it expired on August 14, 1996.
>
> The plaintiffs were unable to file suit for one hundred fifty-four days after they provided notice on December 11, 1995. . . . This no-suit interval ended on May 13, 1996, after which they were able to file suit. The plaintiffs then filed their complaint on July 19, 1996, nearly a month before the end of the recalculated *limitation period*. [*Id*. at 577 (emphasis added).]

Thus, this Court, in a unanimous decision, unquestionably applied § 5856(d) to the limitation period provided under § 5852.

7

### III. THE MAJORITY'S ATTEMPTS TO AVOID *OMELENCHUK*

The majority, in vain attempts to avoid the ramifications of this Court's decision in *Omelenchuk*, asserts that (1) "we mistakenly, and unnecessarily, based our time calculations on a starting date of February *14*, 1994";[1] and (2) confusion has stemmed from "our imprecise choice of words in *Omelenchuk* [that] implied that § 5852 created a separate 'limitation period.'"[2] Neither assertion has merit and, thus, the majority's decision to conditionally overrule *Omelenchuk* is unwarranted.

### A. THE TIME CALCULATIONS IN *OMELENCHUK* WERE ACCURATE

The *Omelenchuk* plaintiffs, as personal representatives of the decedent's estate, instituted a wrongful death action. By operation of §§ 2921, 2922, and 5852, the decedent's claim survived. Because the decedent died within the two-year period of limitation under § 5805, the saving provision took effect and the plaintiffs were operating under the period set forth under § 5852, the saving provision. Thus, we did not mistakenly or unnecessarily base our calculations on the date of

---

[1] *Ante* at 13 (emphasis in original).

[2] *Ante* at 14-15.

8

appointment.   Under § 5852, we were required to measure the applicable two-year period from the date the personal representatives were appointed.   We were not permitted to consider the date of death under the circumstances presented in *Omelenchuk*.

The majority is simply wrong in its assertion that *Omelenchuk* should have based its calculations on the date the cause of action accrued.   The date of death in that case, February 13, 1994, would only have been relevant (1) if the decedent somehow survived and brought a medical malpractice claim himself or (2) in determining the three-year ceiling provided under § 5852.   As such, it was absolutely necessary for this Court to examine the wrongful death saving provision because that was the nature of the plaintiffs' claim.   Thus, the majority's attempt to "clarify" *Omelenchuk* is disingenuous.

B. SECTION 5852 DOES SET FORTH A LIMITATION PERIOD

In an attempt to further distance itself from the result reached in *Omelenchuk*, the majority now asserts that we misspoke when we referred to § 5852 as a limitation period.   Instead, the majority simply contends that § 5852 is not a statute of limitation, but a saving provision, in order to justify its current holding.   This point of law, however, was settled long before our decision in

9

*Omelenchuk*. *Hardy v Maxheimer*, 429 Mich 422, 425; 416 NW2d 299 (1987); *Lindsey v Harper Hosp*, 455 Mich 56, 60-61; 564 NW2d 861 (1997). Further, while not formally labeled a statute of limitation, it is clear from our prior decisions that § 5852 is a limitation period because it sets forth its own period of limitations.

In *Lindsey*, for example, the defendant moved for summary disposition under MCR 2.116(C)(7), asserting that the plaintiff's claim was barred under § 5852 because the plaintiff filed suit more than two years after being appointed temporary personal representative. *Lindsey*, *supra* at 60. The plaintiff argued that the claim was timely because the claim was filed within two years of the issuance of formal letters of authority. This Court held that the saving provision begins to run when a plaintiff is appointed temporary personal representative. Because the plaintiff did not bring suit within two years after being appointed temporary personal representative as required under § 5852, the *Lindsey* Court held that the plaintiff's claim was *untimely* and, thus, barred. As such, we did not misspeak when we referred to § 5852 as a limitation period in *Omelenchuk*.

*Miller* also supports the conclusion reached in *Omelenchuk* that the saving provision is a limitation

10

period. In concluding that the six-month discovery rule, § 5838a(2), was a "period of limitation" within the meaning of the saving provision, this Court noted:

> Contrary to defendants' assertions, the six-month discovery rule is a distinct period of limitation. It is a statutory provision that requires a person who has a cause of action to bring suit within a specified time. As an alternative to the other periods of limitation, it is itself a period of limitation. [*Miller*, *supra* at 202.]

This inevitably leads to the conclusion that because § 5852 requires a plaintiff to bring suit within a specified time, § 5852 must be considered a limitation period.

Finally, the majority's decision itself necessarily supports the notion that § 5852 is a limitation period. The majority concludes that because the wrongful death saving provision was not tolled during the notice period, plaintiff's complaint is time-barred. I question how a claim may be considered time-barred under the saving provision if the saving provision is not a limitation period.[3] While § 5852 is not formally labeled as a statute

_____

[3] Contrary to the majority's assertion, I do not misunderstand its analysis. Rather, I believe that its analysis is fundamentally flawed. Plaintiff's claim is not governed by the two-year statute of limitations under § 5805 because her cause of action, by operation of law, proceeds under the limitation period set forth under § 5852, the savings provision. Therefore, if plaintiff's

of limitation, it is clear that if a plaintiff does not adhere to the period of limitations set forth under the *saving provision*, he is subject to having his claim dismissed as untimely. Thus, this unanimous Court did not misspeak in *Omelenchuk* when it referred to § 5852 as setting forth a limitation period.

In sum, I find the majority's attempts to evade *Omelenchuk* unacceptable. I believe *Omelenchuk* reached the correct result and effectively harmonized the applicable statutory provisions pertaining to the limitation of actions. In fairness, however, I suppose the majority's avoidance of *Omelenchuk* is necessary to support its overly narrow construction of § 5856(d).

### IV. THE MAJORITY'S NARROW CONSTRUCTION IS CONTRARY TO THE LEGISLATURE'S INTENT

The majority considers § 5856(d) in isolation and strictly construes five words contained in that particular provision without regard to the other relevant and applicable statutory provisions implicated in this action. In doing so, the majority undermines the Legislature's intent and violates several well-established principles of statutory construction. Applying accepted principles of

---

claim is to be considered time-barred at all, it must necessarily be barred under § 5852, not § 5805.

12

construction, I would hold that § 5856(d) is applicable to § 5852.

"The primary goal of statutory interpretation is to give effect to the intent of the Legislature." *In re MCI*, 460 Mich 396, 411; 596 NW2d 164 (1999). To reach this goal, this Court has recognized the rule that "statutes relating to the same subject matter should be read and construed together to determine the Legislature's intent." *Id. at* 416. Further, it is "a maxim of statutory construction that *every word* of a statute should be read in such a way as to be given meaning . . . ." *Id.* at 414 (emphasis added); see also *Danse Corp v Madison Hts*, 466 Mich 175, 182; 644 NW2d 721 (2002)("The court must presume that every word has some meaning and, if possible, effect should be given to each provision.").

As detailed above, the timing provisions relating to wrongful death actions, medical malpractice claims, and notice tolling are interconnected and are part of a common legislative framework. Because the various statutory provisions implicated in this case relate to the same subject matter, the terms of the provisions should be read *in pari materia*. *Jennings v Southwood*, 446 Mich 125, 136-137; 521 NW2d 230 (1994). "The object of the rule *in pari materia* is to carry into effect the purpose of the

legislature as found in harmonious statutes on a subject."

*Id*. at 137, quoting *Wayne Co v Auditor General*, 250 Mich 227, 233; 229 NW 911 (1930). In *Detroit v Mich Bell Tel Co*, 374 Mich 543, 558; 132 NW2d 660 (1965), this Court stated:

> Statutes *in pari materia* are those which relate to the same person or thing, or the same class of persons or things, or which have a common purpose. It is the rule that in construction of a particular statute, or in the interpretation of its provisions, all statutes relating to the same subject, or having the same general purpose, should be read in connection with it, as together constituting one law, although enacted at different times . . . .[4]

The purpose of the wrongful death statutory framework is to preserve causes of action, including those based on medical malpractice, which were previously terminated by the death of either the injured party or the wrongdoer under the common law. *Hawkins*, *supra* at 428-429. Similarly, the purpose of § 5852, the saving provision, is to "preserve actions that survive death in order that the

---

[4] See also *Dearborn Twp Clerk v Jones*, 335 Mich 658, 662; 57 NW2d 40 (1953)("'It is elementary that statutes *in pari materia* are to be taken together in ascertaining the intention of the legislature, and that courts will regard all statutes upon the same general subject matter as part of 1 system."); *Remus v Grand Rapids*, 274 Mich 577, 581; 265 NW 755 (1936)("In the construction of a particular statute, or in the interpretation of any of its provisions, all acts relating to the same subject, or having the same general purpose, should be read in connection with it, as together constituting one law.'" [citation omitted].).

14

representative of the estate may have reasonable time to pursue such actions." *Lindsey*, *supra* at 66. Under § 5852, the Legislature has deemed two years from the issuance of letters of authority to be a reasonable time, but, in any event, suit must be filed no more than three years from the date the statute of limitations on the underlying claim has expired. The saving provision remained unchanged in the face of tort reform; evidencing that the Legislature still considered two years to be a reasonable time in which to pursue wrongful death claims predicated on medical malpractice, subject to the three-year ceiling. Consistently with the rule of *in pari materia*, the aforementioned provisions must be read together with the Legislature's subsequent tort reform measures.

Under 1993 PA 78, the Legislature amended the Revised Judicature Act and drastically changed the procedures necessary to bring a medical malpractice claim in Michigan. Notably, § 2912b introduced the notice of intent requirement and its corresponding no-suit interval. However, the Legislature also amended § 5856 to include subsection d, which provides that the "statute of limitations or repose" is tolled during this notice period. "The purpose of the notice requirement is to promote settlement without the need for formal litigation and

15

reduce the cost of medical malpractice litigation while still providing compensation for meritorious medical malpractice claims that might otherwise be precluded from recovery because of litigation costs." *Neal v Oakwood Hosp Corp*, 226 Mich App 701, 705; 575 NW2d 68 (1997), citing Senate Legislative Analysis, SB 270, August 11, 1993, and House Legislative Analysis, HB 4403-4406, March 22, 1993.

Thus, the no-suit interval temporarily incapacitates a medical malpractice plaintiff, including a personal representative bringing a wrongful death claim, so that the defendant may investigate the claim and meaningful settlement negotiations may then occur. In exchange for not being able to file suit, the Legislature has said that the limitation period is tolled during the notice period so that a plaintiff's position is not prejudiced. When §§ 2912b, 2921, 2922, 5805, 5852, and 5856(d) are read together, it becomes clear that the Legislature intended the notice tolling provision to apply to the saving provision.

The approach I advance today is consistent with the approach this Court unanimously used in *Miller*. As mentioned above, the issue in *Miller* was whether the six-month discovery provision for medical malpractice claims, § 5838a, was incorporated in the wrongful death saving

16

provision.  This Court disagreed with the Court of Appeals conclusion that the only "period of limitation" applicable to a medical malpractice action under § 5852 was the two-year period under § 5805(5).  In reaching our ultimate conclusion that § 5838a(2) applied to § 5852, this Court considered that the purpose of § 5852 was to preserve actions and to provide a reasonable time in which to pursue wrongful death claims.  This Court further stated:

> That purpose is fulfilled by our decision today. Had plaintiff's decedent not died, he would have been able to bring suit for six months, or until July 1996. Suit would have been timely, not under § 5805(5), but under § 5838a(2), not as an exception to the two-year statute, but as an additional period of limitation. [*Miller, supra* at 203.]

Thus, the saving provision must necessarily be considered both a limitation period and, in light of the purposes of that provision and the tort reform measures, a period subject to the notice tolling provision.

Further, while currently out of favor with some members of this Court, the approach I advance today is also consistent with another accepted maxim of statutory construction.  It has long been recognized that "the Court may depart from strict construction principles when a literal reading of the statute will produce absurd or illogical results, and this Court should attempt to give

17

effect to all relevant statutory provisions." *DiBenedetto v West Shore Hosp*, 461 Mich 394, 408; 605 NW2d 300 (2000) (CAVANAGH, J., dissenting), citing *Gross v Gen Motors Corp*, 448 Mich 147; 528 NW2d 707 (1995), and *In re Landaal*, 273 Mich 248, 252; 262 NW 897 (1935).

Personal representatives who bring a wrongful death claim on the basis of medical malpractice must comply with the notice of intent provision and likewise may not file suit during the no-suit interval. However, by operation of law, the limitation period for these causes of action is governed by § 5852, not § 5805(5). Under the majority's holding, wrongful death plaintiffs must still comply with the notice requirement of § 2912b, but do not receive the benefit of tolling under § 5856(d) because, according to the majority, § 5856(d) only applies to § 5805. This holding, however, ignores the fact that wrongful death plaintiffs *must* proceed under the limitation period set forth by § 5852, not § 5805, and *must* follow the mandates of § 2912b. Further, the majority's decision effectively shortens the period the Legislature has plainly allowed under § 5852 by one hundred eighty-two days. The facts of this case illustrate the absurdity of the majority's result.

Between February and April 1994, defendant Wyse evaluated plaintiff's four-month-old son.  On April 13, 1994, plaintiff took her son to defendant Hills & Dales Community General Hospital; however, her son was not admitted.  On April 17, 1994, plaintiff brought her son back to defendant hospital and the baby died at the hospital the next day, April 18, 1994.  Thus, under § 5805, the medical malpractice statute of limitations was set to expire on April 18, 1996.  Further, the three-year ceiling provided under § 5852 was set to expire on April 18, 1999.

Plaintiff, as personal representative of her son's estate, had to file suit within two years of her appointment, but was required to file no later than April 18, 1999, under the plain language of the saving provision.  Because plaintiff was alleging medical malpractice, she also had to provide defendants with notices of intent before filing her action.  Plaintiff served the required notices of intent in January 1999, well before the expiration of the three-year ceiling under § 5852.  Yet, under § 2912b, plaintiff could not file suit for one hundred eighty-two days, or for one hundred fifty-four days if defendants failed to give a written response.  Thus, plaintiff could not have filed suit before the three-year ceiling expired even if she so desired under the current

19

tort reform system because plaintiff was in the "no-suit interval," i.e., plaintiff was *required* to wait under § 2912b.

During this no-suit interval, the Legislature has said that, under § 5856(d), time stands still so that a plaintiff's position is not prejudiced and the purposes of the tort reform measures can come to fruition. If time were not tolled for wrongful death plaintiffs in the same manner as other plaintiffs, the plain language of § 5852 is shortened by one hundred eighty-two days. A wrongful death plaintiff would have to give notices of intent at least one hundred eighty-two days before the expiration § 5852. Thus, the two years expressly provided under the saving provision are effectively reduced to one-and-a-half years, and the three-year ceiling is reduced because plaintiffs are required to provide notice of intent one hundred eighty-two days before the expiration of the three-year ceiling. In this case, for example, plaintiff would then have been required to give her notices of intent by October 16, 1998. Such a result is in direct conflict with the plain language of § 5852 and is contrary to the purpose of the tort reform measures.

20

The following highlights the differences between the majority's decision and the proper reading of the applicable provisions:



REQUIRED NO-SUIT INTERVAL

April 18, 1994
Plaintiff's baby
dies

January 16 & 19, 1999
Plaintiff served notices
of intent as required
under § 2912b

June 22, 1999
No-suit interval
expires under
§ 2912b(7) & (8)

April 18, 1996
Medical malpractice
statute of limitation
expires under § 5805

April 18, 1999
Date majority
says plaintiff
must have filed

June 23,
1999
Plaintiff
files suit

§ 5852 TOLLED BY § 5856(d)

The Legislature clearly did not intend for wrongful death plaintiffs to be prejudiced during the no-suit interval. Yet, this is the result reached by today's majority. By strictly construing five words in isolation and closing its eyes to the other applicable statutory limitation provisions and legislative intent, the majority effectively and impermissibly rewrites part of the Revised Judicature Act. The majority, not the Legislature, has elected to treat the notice period for wrongful death plaintiffs alleging medical malpractice differently from

21

the notice period medical malpractice plaintiffs who happen to survive their injuries.

## V. Conclusion

Rather than rewriting the Revised Judicature Act, I would read the various statutory provisions as one law. Because the notice tolling provision and the wrongful death savings provision are part of the same law, I would hold that § 5856(d) applies to claims governed by the limitation period under § 5852. This approach is consistent with the Legislature's intent, accepted principles of statutory construction, and this Court's unanimous opinion per curiam in *Omelenchuk*.

I would, therefore, reverse the decision of the Court of Appeals and remand for trial.[5]

> Michael F. Cavanagh
> Marilyn Kelly

---

[5] As the majority accurately notes, former MCL 700.332 dictates that plaintiff's appointment as personal representative relates back to the time she gave her notices of intent. Thus, the trial court erred in granting defendants' motion for summary disposition on this ground. Further, defendant Wyse's arguments that plaintiff failed to state a claim upon which relief could be granted and that the notices of intent were deficient under § 2912b are without merit.

22